UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAEED NADERI, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-17-1129-G |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) |
|     Defendant. | ) ) |

## OPINION AND ORDER

Plaintiff Saeed Naderi brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's applications for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Upon review of the administrative record (Doc. No. 11, hereinafter "R. _")[1], and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed his DIB application on January 21, 2015. R. 19, 150-53. In his application, Plaintiff alleged a disability-onset date of June 11, 2013. R. 19, 150. Plaintiff subsequently amended his disability onset date to September 15, 2014. R. 19, 38. Following denial of his application initially and on reconsideration, a hearing was held before an administrative law judge ("ALJ") on July 25, 2016. R. 35-56, 87-90, 92-94. In

---

[1] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 52-55. The ALJ issued an unfavorable decision on September 27, 2016. R. 16-30.

The Commissioner of Social Security uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 404.1520. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his amended disability-onset date. R. 21. At step two, the ALJ determined that Plaintiff had the severe, medically determinable impairments of lumbar degenerative disc disease, depression, history of a stroke, and status post hip replacement. R. 21-22. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 22-23.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all his medically determinable impairments. R. 23-28. The ALJ found that Plaintiff had the RFC to

> perform medium work as defined in 20 CFR 404.1567(c) except no more than occasional stooping, kneeling, and crouching, and no exposure to unprotected heights or dangerous machinery. [Plaintiff] is able to understand, remember, and carry out simple instructions, but not detailed instructions.

R. 23-24. At step four, the ALJ considered the hearing testimony of the VE and found that Plaintiff was not capable of performing his past relevant work as a forklift truck operator. R. 28-29.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work

2

experience, and RFC—could perform. R. 29-30. Relying upon the VE's testimony regarding the degree of erosion to the unskilled medium occupational base caused by Plaintiff's additional limitations, the ALJ found that Plaintiff could perform medium, unskilled occupations such as floor waxer, hand packager, and laundry laborer, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 29-30, 52-55.

The ALJ therefore determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant period. R. 30. Plaintiff's request for review by the SSA Appeals Council was denied, and the unfavorable determination of the ALJ stands as the Commissioner's final decision. R. 1-8; *see* 20 C.F.R. § 404.981.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal

3

quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff argues that the ALJ erred by failing to properly consider the report of consultative examiner Cynthia Repanshek, PsyD. *See* Pl.'s Br. (Doc. No. 21) at 2-7.

On March 31, 2015, Dr. Repanshek examined Plaintiff and issued a Report that included her observations and findings. R. 522-24 (Ex. 8F). In the written decision, the ALJ addressed the Report multiple times, although he did not assign the Report or any opinions therein a specific weight. R. 23, 28. In the RFC determination, the ALJ summarized Dr. Repanshek's examination findings and noted her diagnosis of "major depressive disorder, recurrent, severe, with anxious distress." R. 28.

Plaintiff argues that the ALJ "failed to weigh" this Report and that the ALJ instead "merely recite[d] short portions" of Dr. Repanshek's examination. Pl.'s Br. at 2. Specifically, Plaintiff decries the ALJ's failure to expressly consider various statements that appear in the "Mental Health History," "Family/Social History," and "Occupational History" portions of the Report and in the examiner's summary of Plaintiff's representations. *See id.* at 4; R. 522, 524.

Plaintiff's argument is meritless. It is true that because this psychologist examined Plaintiff in person in connection with his benefits applications, the ALJ was required to

4

"evaluate," "consider," and "address" her medical opinions. 20 C.F.R. § 404.1527(b), (c); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *see also* 20 C.F.R. § 404.1502 (2016). While an examining medical-source opinion "may be dismissed or discounted," such action "must be based on an evaluation of all of the factors set out in the cited regulations and the ALJ must provide specific, legitimate reasons for rejecting it." *Chapo v. Astrue*, 682 F.3d 1285, 1291 (10th Cir. 2012) (internal quotation marks omitted); *see* 20 C.F.R. § 404.1527(c); SSR 96-8p, 1996 WL 374184, at *7.

As noted by the Commissioner, however, the statements that Plaintiff contends were improperly ignored do not constitute medical opinions. *See* Def.'s Br. (Doc. No. 15) at 4. Social Security Regulations define "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). For an ALJ to evaluate and assign weight to a medical opinion, the issuing physician must provide "judgment" about the nature and severity of a claimant's limitations or "information" about the activities he or she could still perform despite these limitations. *Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008). The statements cited by Plaintiff are not judgments but, rather, Dr. Repanshek's recitation of Plaintiff's subjective allegations and self-reported symptoms. *See, e.g.*, R. 522 ("He reported having difficulty initiating and maintaining sleep."), 524 ("[Plaintiff] has withdrawn from others because he feels 'too sensitive.'"; "[Plaintiff] also described feeling anxious and worried and indicated that his worry interferes with his concentration, activities, and social functioning."). These

5

statements do not offer a judgment from the psychologist concerning Plaintiff's functional limitations or suggest any precise work-related restrictions that would arise from his mental impairments. *See Bales v. Colvin*, 576 F. App'x 792, 797 (10th Cir. 2014) ("Ms. Bales fails to explain how Dr. Reddy's findings have any bearing on her functional limitations, such that the ALJ should have specifically discussed those findings in setting her RFC for medium work.").

In any event, although the ALJ was "not required to discuss every piece of evidence," *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996), it is evident from the written decision that the ALJ did consider Plaintiff's subjective statements in evaluating his limitations. For example, the ALJ noted Dr. Repanshek's observations that Plaintiff "reported symptoms of depression that included sadness, guilt, apathy, fatigue, inconsistent appetite, and slowed processing speed"; "described poor motivation, anhedonia, as well as anxiety and worry"; and "made negative statements about himself and his life." R. 28; *see also* R. 23.

Plaintiff further contends that the ALJ erred in assigning great weight to the opinions of state-agency reviewing psychologists Bruce Lochner, PhD, and Mary Rolison, PhD. *See* Pl.'s Br. at 6-7; R. 28, 66-67, 80-82. Plaintiff argues that opinions rendered by consultative examiners are "superior" to the opinions from the state-agency reviewers. *See* Pl.'s Br. at 6.

The opinion of a consultant who has performed an in-person examination of a claimant generally is due more weight than an opinion from a consultant who has only reviewed the medical record. *See* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more

weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."). As discussed above, however, the referenced portions of Dr. Repanshek's Report do not contain an assessment of Plaintiff's functional limitations that could be compared against the medical record and assigned weight by the ALJ. By contrast, the opinions of both state-agency psychologists do prescribe specific, work-related functional limitations. R. 66-67, 80-82. In evaluating these opinions against the record, the ALJ noted that Plaintiff's mental impairments were well controlled "even with intermittent treatment." R. 28. The ALJ found that Plaintiff should be restricted to unskilled work to account for "findings of memory limitations, moderately impaired insight, anxiety, along with a reported slow processing speed." R. 28. The ALJ found that the medical record was consistent with the state-agency reviewers' finding that Plaintiff could perform simple work. R. 28; *see* R. 67, 82. As such, the ALJ appropriately considered the opinions of Dr. Lochner and Dr. Rolison and properly provided a clear rationale for the weight assigned these opinions.

## CONCLUSION

The decision of the Commissioner is affirmed. A separate judgment shall be entered.

IT IS SO ORDERED this 25th day of March, 2019.

CHARLES B. GOODWIN
United States District Judge